UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62133-CIV-ALTMAN

**JAMES DAVIS**,

    *Plaintiff*,

v.

**BROWARD COUNTY MAIN JAIL**, *et al.*,

    *Defendants.*

_____/

## ORDER

Our Plaintiff, James Davis, filed a § 1983 civil-rights complaint, alleging that his constitutional rights were violated when he was attacked by another inmate at the Broward County Jail. *See* Original Complaint [ECF No. 1]. After careful screening, we found that the Original Complaint "suffer[ed] from several procedural and substantive defects," so we dismissed that complaint without prejudice and ordered Davis to file an amended complaint. Order to Amend [ECF No. 4] at 1, 7. Unfortunately, Davis's now-operative Amended Complaint makes only minor (and superficial) corrections to the original. *See generally* Amended Complaint [ECF No. 5]. It also doubles down on the same deficiencies we identified in the Original Complaint. We therefore **DISMISS** the Amended Complaint *without prejudice*—but this time *without* leave to amend.

### The Law

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the

complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not

exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

After reviewing Davis's Original Complaint, we "identified four major defects[.]" Order to Amend at 3. Specifically, we found that "(1) [t]he Complaint [didn't] comport with the Federal Rules of Civil Procedure and our Local Rules; (2) the Complaint fail[ed] to state a claim against any defendant; (3) the Complaint fail[ed] to name a proper defendant; and (4) the allegations in the Complaint only implicate[d] an unnamed defendant—who may well be immune from suit." *Ibid.* Davis's Amended Complaint fixes only *some* of these problems. For example, his Complaint is now on the form "this Court has prescribed for civil-rights complaints," *ibid.* (citing S.D. FLA. L.R. 88.2(a)), and his Amended Complaint no longer implicates Judge Scherer, a defendant who's "entitled to absolute immunity for [her] official acts," *id.* at 6. At the same time, the Amended Complaint still fails to correct most of the fatal problems we pointed out the last time around.

*First*, as we noted in our Order to Amend, Davis's Original Complaint "failed to list his claims or defenses 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'" *Id.* at 3 (quoting FED. R. CIV. P. 10(a)). To help Davis correct this issue, we specifically directed "Davis to pay careful attention, in crafting his amended complaint, to Rules 8 and 10 of the Federal Rules of Civil Procedure." *Id.* at 4. Davis ignored this admonition. As was the case with the Original Complaint, the factual allegations in the Amended Complaint are all condensed into one rambling, run-on sentence that spans an entire page. *See id.* at 12; *cf. Guerrier v. Hyatt Regency*, 2008 WL 4327254, at *1 (M.D. Fla. Sept. 16, 2008) (Moody, J.) (criticizing a complaint for presenting its claims in the form of a "rambling, disjointed narrative that fails to comply with the Federal Rules of Civil Procedure"). Davis, in other words, didn't set out his claims in "numbered paragraphs," FED. R. CIV P. 10(a), and he failed to distill his claims and factual allegations into "short and plain statement[s] . . . showing that [he] is entitled to relief," FED. R. CIV. P. 8(a)(2). Davis's continued failure to comply with the Federal Rules is, standing alone, a sufficient basis to dismiss the Amended Complaint. *See, e.g.*, *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) ("In the light of Plaintiff's continued failure to comply with federal pleading requirements, the district court committed no error in dismissing with prejudice Plaintiff's first amended complaint."); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' . . . [Shotgun pleadings] are flatly forbidden by the spirit, if not the letter, of these rules." (cleaned up)).

*Second*, Davis has (again) failed to state a cognizable claim. In our prior order, we explained that, if Davis "intends to allege that a state official was indifferent to his safety by allowing another inmate to attack him, he must *both* explain who harmed him *and* provide facts (not theories or hunches) showing that '(1) there was a substantial risk of serious harm; (2) the defendants were deliberately indifferent to that risk; and (3) causation.'" Order to Amend at 4 (quoting *Hale v. Tallapoosa Cnty.*, 50

4

F.3d 1579, 1582 (11th Cir. 1995)). To prove this claim's second element ("deliberate indifference"), Davis must show that the Defendants "actually (subjectively) knew that the prisoner faced a substantial risk of serious harm and that . . . the [D]efendant[s] disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quoting *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020)).

Although the Amended Complaint (admittedly) gives us a few more details than the original, it still falls far short of stating a plausible failure-to-protect claim against the Defendants. That's because Davis doesn't allege *either* the objective *or* the subjective components of that claim's second element. Instead, Davis alleges only that Deputies "Washton" and "Bounihce"[1] placed Davis in the jail's infirmary under "suicide watch." Amended Complaint at 12. Davis asked Deputy Washton "to be placed in the cell [due] to my mental-behavior of harming myself or others," but both deputies ignored this request. *Ibid.* The Defendants "later came [with] two more inmates [who were] placed on the floor next to me in the day room floor of the infirmery[.]" *Ibid.* (errors in original). The next morning, one of those two inmates (who was also "on suicidal-watch") attacked Davis while he was sleeping. *Ibid.* That's just not nearly enough to state a viable claim.

For one thing, Davis never alleges that the Defendants were *subjectively* aware that another inmate posed a risk of serious harm to Davis. *See generally* Amended Complaint. Davis *appears* to say (he never says so explicitly) that the Defendants *should* have known about that risk because Davis made multiple requests to be placed in an open cell. *See id.* at 12 ("I asked Dep. Washtiton to be placed in the cell do to my mental-behavior of harming myself or others[.]" (errors in original)). But (as the prior quote makes plain) Davis only made this request because he thought *he* might attack another inmate

---

[1] Davis doesn't spell the Defendants' names consistently. He spells Deputy Washton's name as "Washton," "Washtion," and "Wastiton." *See* Amended Complaint at 1, 2, 12. And Deputy Bounhice's name variously appears as "Bounhice," "Bouniche," and "Bounich." *See ibid.* For the sake of consistency, we'll just use the names Davis provided in the caption of his Amended Complaint. *See id.* at 1.

(not the other way around). Indeed, Davis never suggests that *any* of the Defendants even so much as suspected that one of the *other* inmates might attack *him*. And we can't just assume that, just because Davis was *later* attacked, one of the Defendants *should've* known about the risk of an attack beforehand. *See Brooks v. Warden*, 800 F.3d 1295, 1301–02 (11th Cir. 2015) ("Brooks's injuries demonstrate that he suffered serious harm, but not all serious harm is precipitated by substantial risk; freak accidents do occur. The very fact of an injury may, in some circumstances, be a factor in assessing that *ex ante* risk, but it cannot be sufficient on its own to prove that a substantial risk existed."); *see also Gibson v. Alabama*, 2019 WL 7985409, at *2 (N.D. Ala. Dec. 23, 2019) (Ott, Mag. J.) ("It is well settled that a failure to protect an inmate from a random act of violence does not demonstrate deliberate indifference on the part of prison officials." (citing *James v. Milwaukee Cnty.*, 956 F.2d 696, 700 (7th Cir. 1992))), *report and recommendation adopted*, 2020 WL 805904 (N.D. Ala. Feb. 18, 2020) (Coogler, J.).

Davis also doesn't explain how the Defendants' actions were *objectively* unreasonable. Placing multiple inmates who have expressed suicidal ideations together in an *infirmary* doesn't strike us as unreasonable—especially because Davis seems to *admit* that the infirmary was monitored the whole time. *See* Amended Complaint at 12 ("[Deputy] Brazil witness [sic] the whole thing[.]"). On the contrary, we think it would have been quite *unreasonable* for the Defendants to place Davis (or any other potentially suicidal inmate) *alone* in a cell. *Cf. Hott v. Hennepin Cnty., Minn.*, 260 F.3d 901, 907 (8th Cir. 2001) ("The record also reflects that placing an inmate into a cell alone increases the likelihood of suicide."); *Linden v. Washtenaw Cnty.*, 167 F. App'x 410, 425–26 (6th Cir. 2006) ("A reasonable person with Melberg's knowledge of Griffin's history [of suicide attempts] would not have transferred Griffin into a solitary cell[.]"). The Defendants, in short, made an objectively reasonable decision to place potentially suicidal inmates together in the infirmary, where they could be appropriately monitored. Because Davis has thus failed to show that the Defendants were deliberately indifferent to his safety, he hasn't asserted a viable failure-to-protect claim.

*Third*, as he did in his Original Complaint, Davis has named defendants that cannot be liable for monetary damages. Davis has named four Defendants in the Amended Complaint' caption:[2] the Broward County Mail Jail, Sheriff Gregory Tony, Deputy Washton, and Deputy Bounihce. *See* Amended Complaint at 1. And we've already told Davis that he "cannot sue, as he has done, the . . . 'Broward County Main Jail' and Sheriff Gregory Tony." Order to Amend at 4. Plus, Davis has sued both Deputy Washton and Deputy Bounhice in their *official capacities*, *see id.* at 2, asking for $300,000.00 in compensatory damages, *see id.* at 5. Again, however, we've already told Davis that, if he wants compensatory damages, he must sue the appropriate defendants in their individual capacities because the Eleventh Amendment "bars a damages action against a State [entity] in federal court." *Id.* at 5 (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Davis, then, has ignored our Order to Amend by (1) suing two Defendants that *cannot* be liable for his claims and (2) asking for compensatory damages from two *other* Defendants he's sued only in their official capacities. *See* Amended Complaint at 2–3.

\* \* \*

We recognize that Davis has no formal legal training. That's why the Supreme Court has repeatedly said that a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants must still follow the Federal Rules and our Court orders. *See Moon*, 863 F.2d at 837 ("Still, once a [*pro se*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). Our Order to Amend explained, in clear and unambiguous terms, the simple steps Davis had to take to remedy the

---

[2] Confusingly, Davis then names only two Defendants in the body of the Amended Complaint: Deputy Washton and Deputy Bounhice. *See* Amended Complaint at 2.

7

deficiencies we'd identified in his Original Complaint. It also warned Davis that his "failure to file the amended complaint on time and *in compliance with this Court's Orders* shall result in dismissal of this case[.]" Order to Amend at 7 (emphasis added) (citing FED. R. CIV. P. 41(b)). Because Davis didn't comply with our Order to Amend—and since his Amended Complaint *still* fails to state a claim upon which relief can be granted—we now dismiss his complaint *again*. *See Moon*, 863 F.2d at 837 ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Beekman v. Fed. Home Loan Mortg. Corp.*, 827 F. App'x 999, 1001 (11th Cir. 2020) ("Should a plaintiff fail to comply with the federal pleading rules, the district court may dismiss the complaint based on its inherent authority to control its docket and ensure the prompt and efficient resolution of lawsuits." (citing *Weiland*, 792 F.3d at 1320)).

One last thing. For two reasons, we won't give Davis another chance to amend his complaint. *One*, we've already given him one such opportunity, and the law doesn't require us to give him *another*—especially when Davis hasn't shown any real willingness to comply with our orders. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("Because Cornelius already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance."); *Birdette v. Saxon Mortg.*, 502 F. App'x 839, 841 (11th Cir. 2012) ("[T]he Birdettes . . . were specifically informed as to how to replead their complaint to state a claim, and warned that a failure to comply with the court's order would result in dismissal, and they still failed to cure the deficiencies. As such, we conclude that dismissal with prejudice under Rule 41(b) was not an abuse of discretion in this case."). *Two*, this dismissal, which is *without prejudice*, won't preclude Davis from seeking relief in a *separate*, future action. It's true that, when an order "has the effect of precluding plaintiff from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (cleaned up). And a *de facto* dismissal with prejudice is "an unduly harsh sanction for failing to prosecute his claim or comply

8

with a court order, absent willful or contumacious conduct." *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice*, 6 F.3d at 1481). Here, however, the allegedly unconstitutional acts occurred on November 1 and 2, 2022. *See* Amended Complaint at 12. Since Davis has four years to bring a § 1983 claim, this dismissal won't prevent Davis from re-filing his claims in a new case—so long as he complies with the Federal Rules of Civil Procedure and our orders. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statue of limitations, which in Florida is four years.").

\* \* \*

After careful review, therefore, we **ORDER and ADJUDGE** that the Amended Complaint [ECF No. 5] is **DISMISSED without prejudice** because it (1) fails to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915A(b), and (2) doesn't comply with our Order to Amend, *see* FED. R. CIV. P. 41(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on January 11, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   James Davis, *pro se*